UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| E-RISK SOLUTIONS, INC., a division of<br>ENERGI INSURANCE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WEST POINT INSURANCE SERVICES,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 19-cv-11247-ADB |

## **MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO COMPEL**

BURROUGHS, D.J.

Currently pending before the Court is West Point Insurance Service's ("Defendant") motion to compel complete initial disclosures from E-Risk Solutions ("Plaintiff"). [ECF No. 19]. For the reasons explained herein, Defendant's motion to compel [ECF No. 19] is GRANTED.

Pursuant to Federal Rule of Civil Procedure 26(a)(1), "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Here, the scheduling order issued by the Court directed the parties to serve initial disclosures by August 28, 2019. [ECF No. 18]. Therefore, the deadline for serving initial disclosures was August 28, 2019.[1]

---

[1] Plaintiff states that initial disclosures were required to be served within 21 days of removal pursuant to Local Rule 26.2(d). See [ECF No. 20 at 1]. Local Rule 26.2(a) states that "[u]nless otherwise ordered by the judicial officer, the disclosure required by Fed. R. Civ. P. 26(a)(1) should be made as soon as practicable and in any event must be made at or within 14 days after the meeting required by Fed. R. Civ. P. 26(f) and L.R. 16.1(b)." LR, D. Mass 26.2(a). Local Rule 26.2(d) clarifies that for removed actions, initial disclosures should be made as soon as practicable or within 14 days after a Rule 26(f) conference, unless discovery was initiated before the action was removed, in which case the initial disclosures shall be made within 21 days of

> Rule 26(a)(1) requires a party to provide:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).

Here, Plaintiff has provided "hundreds of pages of documents," see [ECF No. 20 at 1], including a "summary spreadsheet of outstanding invoices," the disclosure of which Plaintiff stated was "[c]onsistent with Local Rule 26.1(a)(1)," see [ECF No. 19]. Local Rule 26.1(a)(1) covers "Cooperative Discovery" and states that judicial officers "should encourage cost effective discovery by means of voluntary exchange of information," which "may be accomplished through the use of: (1) informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures." LR, D. Mass 26.1(a)(1). Plaintiff has provided no authority suggesting that Local Rule 26.1, which

---

removal. LR, D. Mass 26.2(d). The state court record and Plaintiff's summary of the procedural history of this action indicate that discovery did not begin prior to removal. See [ECF No. 20 at 2–3]. Therefore, the applicable deadline remains the date set by the Court in its scheduling order, or August 28, 2019. See [ECF No. 18].

encourages cooperative discovery, supplants and displaces Rule 26(a), which makes mandatory initial disclosures in the form prescribed by Rule 26(a).

The summary spreadsheet and assorted PDF documents provided by Plaintiff do not comport with the requirements of Rule 26(a) in several ways. See [ECF No. 19 at 20–34]. First, they do not provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(i). The parties' designation of Rule 30(b)(6) depositions in their Rule 16.1 statement is not a stand-in for the disclosure required by Rule 26(a)(1). See [ECF No. 16 at 1; ECF No. 20 at 6–7]. Second, it is not clear whether the documents provided by Plaintiff constitute the full universe of documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(ii). Third, the documents provided do not provide "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(iii). While the parties' Rule 16.1 statement included Plaintiff's settlement demand, see [ECF No. 16 at 1], a settlement demand is not the same as the computation of damages required by Rule 26(a)(1). Plaintiff stated in later correspondence with counsel that the documents provided state "the outstanding monies not paid on each case...approx 180k." [ECF No. 19 at 41]. For these reasons, Plaintiff's initial disclosures were inadequate. The Court will grant Defendant's motion to compel complete initial disclosures.[2]

Upon granting a motion to compel, or if the disclosure is made after the motion was filed, a court must award reasonable expenses after giving the non-movant an opportunity to be heard.

---

[2] Plaintiff has explained that disclosure of insurance agreements pursuant to Rule 26(a)(1)(iv) are not applicable. See [ECF No. 20 at 7]. A better practice would have been to note that on its initial disclosures, rather than refusing to provide disclosures that complied with Rule 26(a)(1).

See Fed. R. Civ. P. 37(a)(5)(A) ("[T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Plaintiff has been afforded an opportunity to respond to the motion to compel. See [ECF No. 20]. Exceptions to this general rule are not applicable here. See Fed. R. Civ. P. 37(a)(5)(i)–(iii).

Accordingly, Defendant's motion to compel [ECF No. 19] is GRANTED. Plaintiff shall serve revised initial disclosures consistent with this Order and with the directives of Rule 26(a) within seven (7) days. The Court further orders that that Plaintiff's attorney shall pay Defendant's reasonable expenses incurred in making the motion to compel, including attorney's fees. Within two (2) days of this Order, Defendant shall submit to the Court an affidavit stating its costs and fees in bringing the motion to compel, at which time the Court will determine the amount of reasonable expenses to be paid.[3]

**SO ORDERED.**

September 11, 2019                                                  /s/ Allison D. Burroughs
                                                                                            ALLISON D. BURROUGHS
                                                                                            U.S. DISTRICT JUDGE

---

[3] While not dispositive to the instant motion, the Court takes this opportunity to once again instruct the Plaintiff on Local Rule 7.1(a)(2). See [ECF No. 10 (noting that Plaintiff has repeatedly failed to comply with Local Rule 7.1(a)(2))]. Local Rule 7.1(a)(2) does not require an oral conference, though they are preferred where practicable.